**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |
|---|---|
| In re:<br><br>MATHIEU REGINALD REYNA,<br><br>    *Debtor*.<br><br>ERIK RANDESI,<br>PREMIERE RENOVATIONS, LLC,<br>A AFFORDABLE DRIVING SCHOOL, INC.,<br>    *Movants*,<br><br>v.<br><br>MATHIEU REGINALD REYNA, Debtor,<br>TOM C. SMITH, JR., Chapter 7 Trustee,<br>    *Respondents*. | Case No. 23-71546-SCS<br><br><br><br><br><br><br><br><br><br>Chapter 7 |

**MEMORANDUM OPINION**

This matter came before the Court on January 11, 2024, for a final hearing upon the Motion for Relief from Automatic Stay (the "Motion for Relief"), filed by Erik Randesi ("Randesi"), Premiere Renovations, LLC ("Premiere"), and A Affordable Driving School, Inc. ("Affordable", and collectively with Randesi and Premiere, the "Movants"), by counsel, on November 17, 2023. Prior to the commencement of the above-captioned bankruptcy case, Randesi, individually and on behalf of Premiere and Affordable, filed three separate complaints in the Circuit Court of the City of Virginia Beach, Virginia ("Virginia Beach Circuit Court") against Mathieu Reyna, the Debtor in this case. ECF No. 73,[1] Joint Stipulation of Facts with admitted Exhibits (hereinafter, "Stipulation"), at ¶¶ 7, 11, 14. As of the filing date of the Motion for Relief, the complaints remain

---

[1] Unless otherwise stated, all citations to ECF within this Memorandum Opinion reference the record of Case No. 23-71546-SCS.

pending. *Id.* ¶¶ 10, 13, 15. The Movants requested the Court to lift the automatic stay so they may pursue their claims against the Debtor in Virginia Beach Circuit Court. ECF No. 38, Motion for Relief, at ¶ 36. The Court granted the Motion for Relief by order entered January 18, 2024.[2] ECF No. 74, Order Granting Motion for Relief from Stay. The Court now issues this Memorandum Opinion to supplement the January 18, 2024 Order.

## A. Background

Premiere owns an office and storage building located in Virginia Beach, Virginia, where it leases office space and storage units to the public. Stipulation ¶ 4. Following Randesi's organization of Premiere, he granted the Debtor "a 50% interest as a member and as a co-manager of Premiere" and "retained a 50% interest as a member and remained as a co-manager of Premiere." *Id.* ¶ 5. Affordable operated a driver training school in Virginia Beach. *Id.* ¶ 6. Like Premiere, "Randesi and [the Debtor] are each 50% shareholders in Affordable" and its "two and only directors[.]" ECF No. 52, Complaint filed by Erik Randesi on behalf of A Affordable Driving School in Virginia Beach Circuit Court on March 31, 2023, at ¶¶ 8-9 (hereinafter, "Affordable Complaint"); *see also* ECF No. 54, Answer to Affordable Complaint filed by Mathieu Reyna on May 1, 2023, at ¶¶ 8-9.

---

[2] In addition to granting the Motion for Relief, the Court ordered the following: (1) the Movants shall not seek to enforce or collect upon any judgment awarded in Virginia Beach Circuit Court against the Debtor or property of the bankruptcy estate pending further order of this Court; (2) the determination of dischargeability of any indebtedness awarded in the Virginia Beach Circuit Court proceedings shall remain within this Court's jurisdiction; (3) the Chapter 7 Trustee shall immediately intervene in each of the Virginia Beach Circuit Court proceedings; (4) pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), the order was stayed for fourteen (14) days from its entry; and (5) a Status Hearing was scheduled for July 11, 2024, at 10:00 a.m., at which the parties are to provide the Court with the status of the Virginia Beach Circuit Court proceedings.

On February 21, 2023, Randesi filed a complaint individually and on behalf of Premiere against the Debtor in Virginia Beach Circuit Court, initiating Case No. CL 23-886 (the "Premiere Litigation"). Stipulation ¶ 7; ECF No. 58, Complaint filed by Erik Randesi individually and on behalf of Premiere Renovations in Virginia Beach Circuit Court on February 21, 2023 (hereinafter, "Premiere Complaint"). The complaint asserted the following derivative counts on behalf of Premiere: (1) breach of fiduciary duty; (2) conversion; and (3) computer fraud. Premiere Complaint ¶¶ 27-43. Randesi additionally asserted the following counts as an individual: (1) request for judicial dissolution; (2) computer trespass; (3) computer invasion of privacy; (4) computer fraud; (5) trespass to chattels; and (6) conversion. *Id*. ¶¶ 44-63. On March 24, 2023, the Virginia Beach Circuit Court entered a Consent Order on Motion for Temporary Injunction and for Dissolution, which enjoined the Debtor from entering Premiere's property; removed the Debtor from his position as co-manager of Premiere; and dissolved Premiere. Stipulation, Exh. D [Consent Order on Motion for Temporary Injunction and Dissolution in Premiere Litigation, entered March 24, 2023]. Additionally on March 24, 2023, Premiere and Randesi filed a motion seeking to disqualify Debtor's counsel in the Premiere Litigation. ECF No. 60, Motion to Disqualify Counsel for Defendant in the Premiere Litigation, filed March 24, 2023; *see also* ECF No. 46, Response to Motion for Relief filed by Mathieu Reyna, Exh. A [Order on Motion to Disqualify Counsel for Defendant, entered June 28, 2023]. On July 27, 2023, the Virginia Beach Circuit Court found that Randesi was the proper party to conduct the winding up of Premiere and ordered that the Debtor's interest in Premiere be reduced in an amount to be determined at a later hearing. ECF No. 63, Order on Winding Up in the Premiere Litigation, entered on July 27, 2023, at 2.

On March 2, 2023, Randesi filed a complaint on his own behalf in Virginia Beach Circuit Court, initiating Case No. CL 23-1083 (the "Defamation Litigation"). Stipulation ¶ 14; ECF No. 55, Complaint filed by Erik Randesi in Virginia Beach Circuit Court on March 2, 2023 (hereinafter,

3

"Defamation Complaint"). Randesi asserted the Debtor falsely accused him of prior criminal conduct in Randesi's earlier employment, causing reputational damage and harm in his profession as a business owner. Defamation Complaint ¶¶ 34, 36, 41. On April 12, 2023, the Debtor responded with an answer and counterclaim, asserting claims of defamation and conversion against Randesi. ECF No. 56, Counterclaim filed by Mathieu Reyna to Defamation Complaint on April 12, 2023.

Randesi filed the third and final complaint in Virginia Beach Circuit Court on March 31, 2023, solely on behalf of Affordable, initiating Case No. CL 23-1653 (the "Affordable Litigation"). Stipulation ¶ 11; Affordable Complaint. Randesi asserted the following derivative counts on behalf of Affordable: (1) breach of fiduciary duty; (2) conversion; (3) an accounting demand; and (4) computer fraud. Affordable Complaint ¶¶ 33-39. On August 11, 2023, the Virginia Beach Circuit Court entered an Order on Motion for Temporary Injunction against the Debtor, removing the Debtor from his position as a director of Affordable and enjoining the Debtor from possessing or using Affordable's property or assets. Motion for Relief, Exh. D [Order on Motion for Temporary Injunction, entered August 11, 2023], at 2.

B. Procedural History

The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 21, 2023, commencing the above-captioned bankruptcy case and staying the proceedings on all three complaints in Virginia Beach Circuit Court. ECF No. 1, Mathieu Reyna's Voluntary Petition, filed August 21, 2023; *see also* Stipulation ¶ 2; 11 U.S.C. § 362(a)(1) (A voluntary bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . . ."). On November 17, 2023, the Movants filed the Motion for Relief, seeking to litigate the three claims pending in Virginia Beach Circuit Court outside of the bankruptcy case. Stipulation ¶ 16. In the Motion for Relief, the Movants address the

4

three-factor test articulated in *Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342 (4th Cir. 1992), that the Court must utilize to determine whether to grant relief from the automatic stay and allow the Movants to pursue their state law claims against the Debtor outside of the bankruptcy case. The factors the Court must consider are:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id*. at 345 (citing *Mac Donald v. Mac Donald* (*In re Mac Donald*), 755 F.2d 715, 717 (9th Cir. 1985); *Holtkamp v. Littlefield* (*In re Holtkamp*), 669 F.2d 505, 508-09 (7th Cir. 1982); *Murray v. On-Line Bus. Sys., Inc.* (*In re Revco D.S., Inc.*), 99 B.R. 768, 776-77 (N.D. Ohio 1989); *In re Pro Football Wkly., Inc.*, 60 B.R. 824, 826-27 (N.D. Ill. 1986); *Broadhurst v. Steamtronics Corp.*, 48 B.R. 801, 802-03 (D. Conn. 1985)).

The Movants argue all three factors favor lifting the automatic stay. Motion for Relief ¶ 35. First, the Movants assert all litigation pending before the Virginia Beach Circuit Court involves only matters of state law. *Id*. Next, the Movants contend litigating the complaints in state court best promotes judicial economy, as the claims have been progressing in Virginia Beach Circuit Court and would have to be "litigated anew" if heard by this Court. *Id*. Lastly, the Movants broadly state that this Court can address the enforcement of any judgment awarded by the Virginia Beach Circuit Court. *Id*.

Three days after filing the Motion for Relief, the Movants filed a Complaint to Determine Dischargeability of Debt against the Debtor, initiating Adversary Proceeding No. 23-07016-SCS in this Court. Stipulation ¶ 17. The complaint generally replicates the arguments asserted in the three complaints filed in Virginia Beach Circuit Court. *Compare* Adv. Proc. No. 23-07016-SCS,

5

ECF No. 1, Complaint to Determine Dischargeability of Debt, filed November 20, 2023 (hereinafter, "Adversary Complaint"), *with* Premiere Complaint, Defamation Complaint, *and* Affordable Complaint. The Movants request the Court to either deem non-dischargeable any judgment entered in their favor by the Virginia Beach Circuit Court or alternatively award judgment against the Debtor in the amount of $8,900,000.00 and determine such debt to be non-dischargeable. Adversary Complaint, at prayer.[3]

On December 1, 2023, the Debtor, by counsel, filed a Response to the Motion for Relief, admitting certain allegations and denying others, while additionally arguing the stay should remain in effect under the factors enumerated in *In re Robbins*. ECF No. 46, Debtor's Response to Motion for Relief. The Debtor argues the pending litigation involves matters of both state and bankruptcy law, contrary to the first factor's requirements. *Id*. ¶ 35(a)(i). Under the second factor, he asserts litigating the claims in state court would hinder judicial economy because this Court will be required to both interpret the state court's findings and determine the dischargeability of debt following the conclusion of the pending litigation. *Id*. ¶ 35(a)(ii). He further represents that his counsel in the state court proceedings has been disqualified. *Id*. Under the final factor, the Debtor argues the estate cannot properly be protected in state court. *Id* ¶ 35(a)(iii). He asserts that his

---

[3] On December 21, 2023, counsel for the Debtor filed a Motion to Extend Time to File Answer within the adversary proceeding. Adv. Proc. No. 23-07016-SCS, ECF No. 8, Motion to Extend Time to File Answer filed by Mathieu Reyna on December 21, 2023. Debtor's counsel represented they had not yet been retained by the Debtor in the adversary proceeding, despite the Debtor expressing an intention to do so. *Id*. ¶¶ 5-6. On January 4, 2024, the Debtor filed an Answer to Complaint within the adversary proceeding on his own accord, without the assistance of counsel. Adv. Proc. No. 23-07016-SCS, ECF No. 9, Answer to Complaint filed by Mathieu Reyna on January 4, 2024. In addition to admitting certain allegations and denying others, the Debtor asserted the Movants' allegations are false and represented that the Virginia Beach Police Department had determined the accusations were unfounded upon their own investigation. *See id*. At the January 11, 2024 final hearing, counsel for the Debtor affirmed that while the Debtor was still unrepresented in the adversary proceeding, he expected that a retention agreement would be executed in the next week. As of the entry of this Memorandum Opinion, there have been no additional filings in the adversary proceeding to indicate whether the Debtor is now represented.

interest as a 50% shareholder in Premiere is the largest asset of the bankruptcy estate, which the Chapter 7 Trustee is tasked with administering. *Id*. The Debtor contends that since the Trustee is not a named party in the Virginia Beach Circuit Court proceedings and the Debtor himself is unrepresented in these lawsuits, the third factor weighs in favor of the matters being litigated in this forum. *Id*.

On December 4, 2023, the Chapter 7 Trustee filed a Response to the Motion for Relief. ECF No. 47, Trustee's Response to Motion for Relief. Citing judicial economy, the Trustee opines that this Court should determine the merits of the allegations of indebtedness in addition to the dischargeability of such debt. *Id*. ¶ 3. The Trustee further notes that if the Debtor's assertion of Premiere's value is correct, the unsecured debts could be paid in full, and the Debtor would receive a substantial surplus upon liquidation of the Debtor's interest. *Id*. ¶ 4.

### C. Preliminary and Final Hearings

The Court conducted a preliminary hearing on the Motion for Relief on December 14, 2023, at which counsel for the Movants and counsel for the Debtor appeared. Tommy C. Smith, III, appeared on behalf of the Chapter 7 Trustee.[4] Each party maintained the positions set forth in their pleadings. Counsel for the Movants represented no trial dates had been established in the pending state court proceedings. Upon consideration of the arguments presented, the Court found a genuine dispute existed. The Court determined a review of the record of the three claims pending in Virginia Beach Circuit Court was necessary to reach an informed decision. The Movants and the Debtor were thus ordered to file with the Court copies of all complaints, pleadings, and related documents appearing in the Virginia Beach Circuit Court's records. A final hearing on the Motion

---

[4] The Chapter 7 Trustee assigned to this case, Tom C. Smith Jr., was unable to attend. Tommy C. Smith, III, appeared on his behalf.

7

for Relief was scheduled for January 11, 2024. On December 22, 2023, the parties submitted the requested files to the Court. *See* ECF Nos. 52-67, 69.

On January 11, 2024, the Court conducted a final hearing on the Motion for Relief, at which counsel for the Movants[5] and counsel for the Debtor appeared. Tommy C. Smith, III, appeared on behalf of the Chapter 7 Trustee. Both Randesi and the Debtor were also present. At the commencement of the final hearing, the Movants and the Debtor provided the Court with their joint stipulation of facts.[6] The Movants additionally offered into evidence eight (8) exhibits, to which counsel for the Debtor and Mr. Smith, on behalf of the Chapter 7 Trustee, did not object.[7] Both the joint stipulation of facts and exhibits were accepted into evidence by the Court. The parties introduced no additional evidence during the hearing.

The Court inquired into the relatedness of the Affordable and Premiere Litigations to determine whether a common factual nexus exists between the two lawsuits such that judicial economy would be best served by granting relief from the automatic stay. Counsel for the Movants maintained the two matters possess the following connections: (1) the events giving rise to both complaints temporally intersected, making them non-segregable; (2) common ownership existed

---

[5] James Theuer, the Movants' counsel in the pending state court proceedings, additionally appeared at the final hearing on behalf of the Movants. Mr. Theuer was not present at the preliminary hearing.

[6] The joint stipulation of facts sets forth certain procedural aspects of the instant case, the business relationship between the Debtor and the Movants, the details of the claims filed in state court and subsequent rulings, and a brief description of the adversary proceeding pending with this Court. Stipulation ¶¶ 2-8, 10-18.

[7] The exhibits consisted of: (A) the Premiere Complaint; (B) the Order on Winding Up in the Premiere Litigation, entered on July 27, 2023; (C) a Motion for Temporary Injunction filed in the Premiere Litigation on March 10, 2023; (D) the Consent Order on Motion for Temporary Injunction and Dissolution in the Premiere Litigation, entered on March 24, 2023; (E) the Affordable Complaint; (F) a Motion for Temporary Injunction filed in the Affordable Litigation on May 9, 2023; (G) the Order on Motion for Temporary Injunction in the Affordable Litigation, entered on August 11, 2023; and (H) the Defamation Complaint.

between both entities; (3) Affordable conducted operations out of Premiere's property; (4) there was a commonality of employees between the entities; (5) the Debtor displayed the same *modus operandi* in the events giving rise to both proceedings; and (6) both companies were enmeshed in the same scheme.

The Court further questioned the parties as to the recovery sought in the Affordable Litigation and whether any assets of the bankruptcy estate were in dispute in that matter. Movants' counsel represented the primary relief sought in the Affordable Litigation is in the form of damages. Movants' counsel additionally stated that the Debtor still has a 50% interest in Affordable (although the value of same is low) and, per the Debtor's bankruptcy schedules, he has asserted an interest in a certain vehicle titled in Affordable's name. Mr. Smith represented that the Chapter 7 Trustee had not yet been afforded the opportunity to examine the assets of either Affordable or Premiere. However, Mr. Smith presented that the core asset in the bankruptcy estate is the Debtor's interest in Premiere, and subject to the valuation of Premiere, liquidation of the Debtor's interest in Premiere could provide significant funding for creditors.

In rebuttal, counsel for the Movants reiterated his arguments on the three *Robbins* factors. In addition, he argued that several rulings were already made in the state court proceedings. Further, he asserted only the state court can grant full relief because judicial dissolution of Premiere is not among the remedies sought in the adversary proceeding and would improperly require this Court to determine the interests of non-debtors (*i.e.*, Randesi and Premiere) in property that is not part of the bankruptcy estate. As such, he concluded judicial economy is favored by continuing with the proceedings in state court, rather than relitigating those matters in this Court. In support of the third *Robbins* factor, counsel for the Movants affirmed that if a judgment was rendered in the Movants' favor, they would return to this Court to proceed on their pending non-dischargeability complaint. As to the Chapter 7 Trustee's interest in the state court claims, counsel

9

for the Movants indicated that, if relief from the automatic stay is granted, the Movants intend to either add the trustee as a party to the pending litigation to protect the interests of the bankruptcy estate or reach an alternate accommodation with the trustee.

Counsel for the Debtor maintained that application of the *Robbins* factors supports the argument that these matters should be decided by this Court, as previously asserted in the Debtor's response. On behalf of the Chapter 7 Trustee, Mr. Smith likewise contended that the Motion for Relief should be denied since the matters ultimately will all return to this Court to relitigate some, if not all, of the issues. Further, he stressed that it would be burdensome to the estate if the Chapter 7 Trustee had to defend and protect the estate's interests in both noted forums.

As to the Defamation Litigation, counsel for the Movants argued that such claims constitute a personal injury matter, which this Court does not have jurisdiction to hear under 28 U.S.C. § 157(b)(2). Like the Premiere and Affordable state court claims, the Movants assert that the statements alleged in the Defamation Complaint coincided with and arose from the wrongdoings in the other two pending suits. Finally, Randesi and the Debtor both requested a jury trial in the Defamation Litigation.

### D. Conclusions of Law

Section 362(d) of the United States Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause[.]" 11 U.S.C. § 362(d)(1). "Cause" is not statutorily defined; thus, whether to grant relief in a particular matter is determined on a case-by-case basis. *In re Robbins*, 964 F.2d at 345 (citing *In re Mac Donald*, 755 F.2d at 717). In the present case, the Court must first assess whether it may exercise jurisdiction over the claims asserted in Virginia Beach Circuit Court. Once this is determined, the Court will apply the *Robbins* factors to decide whether granting relief is appropriate. *Id*. (citing *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)) ("A decision to lift

10

the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge . . . .").

The United States Congress has prohibited bankruptcy courts from exercising jurisdiction over personal injury tort claims against the bankruptcy estate. 28 U.S.C. § 157(b)(2)(B). Courts in the Fourth Circuit have consistently ruled a defamation claim is considered a personal injury tort under Virginia law. *See Ziegler v. Delph* (*In re Delph*), Adv. Proc. No. 19-07024-SCS, 2021 WL 2326332, at *2 (Bankr. E.D. Va. June 7, 2021); *Unnamed Citizens A Thru E v. White* (*In re White*), 410 B.R. 195, 203-04 (Bankr. W.D. Va. 2008); *In re Walters*, 339 B.R. 607, 609 (Bankr. W.D. Va. 2006); *In re Webb*, 210 B.R. 266, 271-72 (Bankr. E.D. Va, 1997), *aff'd*, 214 B.R. 553 (E.D. Va. 1997) (quoting *Black's Law Dictionary* 786 (6th ed. 1990)) (concluding that "personal injury" encompasses "'any injury which is an invasion of personal rights,'" to include libel or slander). Randesi's individual claim of defamation falls firmly within the category of a personal injury tort under Virginia law. The Court must find that it lacks jurisdiction to hear the Defamation Litigation, and as such relief on this matter must be granted.

The Court has examined the Premiere and Affordable Complaints and finds no jurisdictional issues that would prevent this Court from adjudicating the claims alleged therein.[8] Accordingly, the Court will apply the *Robbins* factors to determine whether relief from the automatic stay should be granted as to those two complaints.

---

[8] Some courts have categorized invasion of privacy claims as matters of personal injury under Virginia law in certain circumstances. *See, e.g.*, *Wood v. Va.*, No. 97-2758, 1998 WL 414019, at *2 (4th Cir. July 23, 1998) (alleged unlawful disclosure of tax return information); *Keck v. Va.*, Civil Action No. 3:10cv555, 2011 WL 4589997, at *11 (E.D. Va. Sept. 9, 2011), *aff'd*, 470 F. App'x 127 (4th Cir. 2012) (alleged invasion of privacy resulting from searches of plaintiff's computer account). The Premiere Complaint sets forth a claim of computer invasion of privacy, where Randesi alleges the Debtor, intentionally and without consent, examined his personal information by way of a computer device. Premiere Complaint ¶¶ 51-52. To the extent the computer invasion of privacy claim constitutes a personal injury tort under Virginia law, this Court would not have jurisdiction to hear that cause of action.

With respect to the first factor, the claims asserted in both the Premiere Complaint and Affordable Complaint fall under the purview of state law. The Premiere and Affordable Litigations involve issues of business malfeasance, fraud, and related non-personal injury torts. Further, the relief sought in both litigations requires, in part, property rights determinations, which the United States Supreme Court has long held is a matter of state law. *Butner v. United States*, 440 U.S. 48, 56-57 (1979). The state court complaints contain no counts involving bankruptcy law, and any issues concerning the dischargeability of debt arising from the state court proceedings will remain undecided upon the conclusion of the three pending lawsuits. Thus, the Court is convinced that the Virginia Beach Circuit Court is not at risk of deciding any issue of federal bankruptcy law, but rather will adjudicate claims arising only under state law.

The second factor also favors permitting the Virginia Beach Circuit Court to continue its adjudication of the three pending lawsuits to ensure an efficient resolution of the cases without the waste of judicial resources. As previously noted, Movants' counsel has asserted that the allegations in the Defamation Complaint arise from facts common to those set forth in the Affordable and Premiere Complaints. The Court agrees with the Movants' contention. However, as set forth above, this Court can only exercise its jurisdiction over the Affordable and Premiere Complaints, as it is barred from hearing matters of personal injury. Segregating the events giving rise to the Defamation Complaint from the other complaints would be arduous, result in a duplication of efforts in this Court and the Virginia Beach Circuit Court, and thoroughly disrupt the interests of judicial economy. Further, the allegations in the Affordable, Premiere, and Defamation Litigation contain clear factual similarities, including: (1) the actions giving rise to each claim are alleged to have occurred within the same time period; (2) the Debtor and Randesi were co-owners in both entities that gave rise to the lawsuits; (3) all allegations arose out of the business relationship between the two individuals; and (4) there was significant overlap in the operations of the two

businesses. In addition to the factual connections between each pending lawsuit, substantial progress has already been made in the state court proceedings. In the Premiere Litigation, counsel for the Debtor has been disqualified, and orders dissolving the company and granting Randesi the power to oversee the entity's winding up process have been entered. Further, the state court has issued injunctions against the Debtor in both the Premiere Litigation and Affordable Litigation. If this Court retained the matters over which it has jurisdiction, unnecessary disputes may arise as to the legal effect of the Virginia Beach Circuit Court's rulings, further hindering judicial economy. The Court thus concludes that the three lawsuits are intertwined to such extent that they must be adjudicated by the same court.

Under the final factor, the Court is confident the interests of the bankruptcy estate can be protected if the pending litigation remains in state court. By this Court ordering the Chapter 7 Trustee to intervene in the state court proceedings, he may exercise his authority to protect the interests of the bankruptcy estate. Further, the Trustee must obtain this Court's authorization prior to selling the Debtor's interest in Premiere, likewise ensuring that the presumed largest asset of the bankruptcy estate is protected. Finally, upon the ultimate rulings by the state court, enforcement of any judgment awarded can be stayed until it is presented to this Court and a determination of whether the debt is dischargeable can be made.

### E. Conclusion

Upon consideration of the records in the above-captioned bankruptcy case and related adversary proceeding, the documents from the proceedings before the Virginia Beach Circuit Court provided by the Movants and Debtor, the joint stipulation of facts, admitted exhibits, and all arguments and representations made by the parties at both the preliminary and final hearings, the Court finds that the Affordable Litigation; the Premiere Litigation; and the Defamation Litigation should be adjudicated by the Virginia Beach Circuit Court, and the Motion for Relief should be

granted. The Court further finds that, to ensure the interests of the bankruptcy estate are adequately protected as the litigation proceeds, the Chapter 7 Trustee should intervene in each of the three lawsuits. To additionally protect the bankruptcy estate, the Court finds any and all judgments awarded by the Virginia Beach Circuit Court in favor of the Movants against the Debtor or property of the bankruptcy estate should be stayed pending further order of this Court. Further, the Court finds it must retain jurisdiction as it relates to dischargeability determinations regarding any such judgments. Finally, the Court finds that a status hearing should be scheduled, where the parties are to provide the Court with an update on the state court litigation.[9]

The Clerk shall deliver copies of this Memorandum Opinion to counsel for the Movants; counsel for the Debtor; and the Chapter 7 Trustee.

IT IS SO ORDERED.

Feb 14 2024

/s/ Stephen C St-John

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

Entered On Docket: Feb 14 2024

---

[9] The Status Hearing was scheduled by the order entered by the Court on January 18, 2024. ECF No. 74.